**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | **Case No.  15-CR-182-JHP** |
| | ) | |
| **SCOTT FREDERICK ARTERBURY**, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**DEFENDANT'S SECOND UNOPPOSED MOTION TO CONTINUE JURY TRIAL**
**AND TO ISSUE A NEW SCHEDULING ORDER**</u>

Defendant Scott Frederick Arterbury, by and through his attorney, moves the Court to continue his jury trial for an additional month from February 16, 2016, to the Court's March trial setting, to extend the corresponding deadlines for pretrial motions and responses, and to continue the date of the pretrial conference. In support of his motion, Defendant Arterbury advises the Court:

1) In compliance with Local Criminal Rule 47.4, counsel for Mr. Arterbury has conferred with Mr. Andrew Hofland, Assistant United States Attorney, and is authorized to state that the Government has no objection to this Motion.

2) The Indictment charges Mr. Arterbury with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). The sealed Indictment was filed on December 7, 2015, and unsealed on December 15, 2015. Mr. Arterbury had previously appeared on a complaint filed November 10, 2015. He made his first appearance and was arraigned on the Indictment December 15, 2015.

3)      In a scheduling order dated December 21, 2015, this Court set the following

        dates: motions due by 1/4/2016, responses due by 1/15/2016, pretrial

        conference set for 1/27/2016 at 01:30 PM, Jury Instructions, Voir Dire & Trial

        Briefs due by 2/5/2016, Jury Trial set for 2/16/2016 at 09:30.

4)      Counsel sent the government a discovery request on December 9, 2015, and

        received discovery at arraignment on December 15, 2015. Counsel has

        reviewed that material. In addition, counsel had to make special

        arrangements with the government and the Federal Bureau of Investigation

        to review discovery in the FBI's possession. Counsel reviewed that discovery

        on January 19, 2016, which was the earliest date arrangements could be

        made. Following her review of those materials, counsel consulted with Mr.

        Arterbury. At that time, counsel identified additional discovery that would

        need to be requested and reviewed.

5)      Counsel requested that additional discovery – specifically a search warrant

        for Arterbury's residence and computers – from the government. It is

        anticipated the government will provide this additional discovery today or

        tomorrow. Counsel will need time to review the search warrant and any

        accompanying discovery, and discuss those materials and any potential

        pretrial motions with Mr. Artebury. Additional time is necessary for Mr.

        Arterbury to make a knowing and intelligent decision as to how to proceed

        with the case, and to adequately prepare for any trial. Depending on the

nature of the warrant and any accompanying discovery or subsequent investigation, it may be necessary to file pretrial motions.

6)      Pursuant to Local Criminal Rule 47.8, counsel for Mr. Arterbury advises the Court that the requested continuance implicates the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*.  Mr. Arterbury made his initial appearance in Court on December 15, 2015.  However, counsel for Mr. Arterbury believes that in this case the ends of justice outweigh the interests of the public and the Defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

7)      Counsel for Defendant understands that an "ends of justice" continuance should not be granted cavalierly and that the public has an equal interest in a speedy trial.  See *United States v. Toombs*, 574 F.3d 1262, 1269, (10th Cir. 2009).   Among the factors which the Court must consider in making a determination on an "ends of justice" continuance are:

A.      Whether failure to grant a continuance of the proceeding would likely make a continuation of the proceeding impossible or result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(I).

B.      Whether the case is so unusual or complex, due to the existence of a novel question of fact or law, that it is unreasonable to expect adequate preparation for the trial itself within the time limits imposed by the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).

C.    Whether failure to grant a continuance in a case which, taken as a whole, is not unusual or complex would nonetheless deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.   18 U.S.C. § 3161(h)(7)(B)(iv).

8)    Based upon the foregoing, counsel for Mr. Arterbury requests a continuance. Failure to grant a continuance may result in a miscarriage of justice in that counsel will not have sufficient time to review additional discovery, consult with Mr. Arterbury, draft potential pretrial motions and pursue further investigation. Furthermore, without a continuance Mr. Arterbury will be denied effective preparation for trial should he decide to exercise that right. Counsel has been diligent in the pursuit of this case, including reviewing the discovery she has received and consulting with Mr. Arterbury about the discovery, any motions based on that discovery, and any potential defenses to the charge.

9)    Mr. Arterbury is on release and compliant with the rules of release.

10)    Pursuant to Local Criminal Rule 47.3, a proposed order granting the requested relief is being submitted contemporaneously herewith.

11)    A Speedy Trial waiver signed by Mr. Arterbury will be promptly filed with the Court.

4

For the reasons stated above, Defendant Arterbury requests the Court continue the jury trial from February, 2016, to the March, 2016 trial setting, extend the deadlines for pretrial motions and responses, and continue the pretrial conference.

Respectfully submitted,

**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
Julia L. O'Connell, Federal Public Defender

By:    Julie K. Linnen
       Julie K. Linnen, WI Bar #1085029
       One West Third Street, Suite 1225
       Tulsa, Oklahoma 74103-3532
       Telephone: (918) 581-6918
       E-mail: julie_linnen@fd.org
       *Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I certify that on the 25th day of January, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Mr. Andrew Hofland
Assistant United States Attorney
Office of the United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119

s/Julie K. Linnen
Julie K. Linnen

5