**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case. No. 15-CR-182-JHP |
| | ) |
| SCOTT FREDERICK ARTERBURY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant Scott Frederick Arterbury's Third Unopposed Motion to Continue Jury Trial and to Issue a New Scheduling Order [Doc. No. 28]. In support of this motion, Defendant asserts he needs more time to review three search warrants received from the government, conduct research, consult with counsel's in-house computer specialist, and possibly file pretrial motions. Defendant further asserts the government's attorney does not object to the request for continuance of the jury trial.

The Court recognizes that the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, provides, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the Court concludes the requested continuance could affect the 70 day deadline contemplated by § 3161(c)(1).

However, 18 U.S.C. § 3161(h) provides that certain "periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence," including

those periods "resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Among the factors which a judge shall consider in making this determination are "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i) and "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

In this case, the Court finds Defendant's request for a continuance to afford him the opportunity to review the three search warrants, pursue further investigation, and draft potential pretrial motions would further the ends of justice, avoid a potential miscarriage of justice, and provide Defendant's counsel the reasonable time necessary for effective preparation.  Based upon the factors enumerated in 18 U.S.C. § 3161(h)(7)(B), the Court therefore concludes that the ends of justice served by granting the requested continuance of the trial date in this case outweigh the best interest of the public and the Defendant in a speedy trial and that the delay occasioned thereby is properly excluded for purposes of the Speedy Trial Act.

In the interests of justice and for good cause shown, Defendant's Third Unopposed Motion to Continue Jury Trial and to Issue a New Scheduling Order [Doc. No. 28] is hereby **GRANTED**.  The jury trial is hereby continued from March 15, 2016, to April 19, 2016 at 9:30 am.  The final pre-trial conference is set March 23, 2016 at 1:30 pm.  Motions are due by March 9, 2016.  Responses are due by March 18, 2016.  Jury Instructions, Voir Dire, and Trial Briefs are due by April 8, 2016.

2

James H. Payne
United States District Judge
Northern District of Oklahoma