IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CR-000182-JHP |
| | ) |
| SCOTT FREDRICK ARTERBURY, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The United States of America, by and through counsel, Danny C. Williams, Sr., United States Attorney for the Northern District of Oklahoma, and Andrew J. Hofland, Assistant United States Attorney, objects to the Magistrate Judge's Report and Recommendation (Doc. 42) and requests this Court conduct a de novo review and order Defendant Scott Frederick Arterbury's Motion to Suppress (Doc. 25) denied.

STATEMENT OF THE CASE

The United States hereby incorporates the Statement of the Case filed in the United States' Response to Defendant's Motion to Suppress (Doc. 34).

ARGUMENT AND AUTHORITY

In response to the Defendant's Motion to Suppress (Doc. 25), the United States submitted its 23-page Response which included the following argument sections: (1) the affiant provides sufficient probable cause for the NIT warrant; (2) the defendant failed to make a sufficient showing to require a *Franks* hearing; (3) the NIT warrant should not be suppressed on Rule 41(b) grounds because, under these circumstances, a combination of subsections (b)(2) and (b)(4) should be read to allow the search, and any violation with respect to this warrant would not justify suppression. The United

States hereby incorporates those arguments already raised in the written brief and at oral argument on April 25, 2016.

The United States further argues:

**1. Rule 41(b) is sufficiently flexible to permit the NIT warrant under the circumstances.**

Rule 41(b) is meant to be applied flexibly, not rigidly. *United States v. Koyomejian*, 970 F.2d 536, 542 (9th Cir. 1992). When emerging technologies create a situation in which the specific language of Rule 41 does not explicitly permit a warrant, the Supreme Court has concluded that Rule 41 "is sufficiently flexible to include within its scope electronic intrusions authorized upon a finding of probable cause." *United States v. New York Tel. Co.*, 434 U.S. 159, 169 (1977). The Supreme Court goes on to explain that a flexible application of Rule 41 is supported by Fed. R. Crim. P. 57(b), which provides in the absence of controlling law, "a judge may regulate practice in any manner consistent with federal law, these rules and the local rules[.]" *Id*. at 170.

**2. Exigent circumstances stemmed from the on-going rape and abuse of children, not downloading and possession of child pornography.**

The magistrate judge's Report and Recommendation rejects the assertion that exigent circumstances would have justified the warrant. The judge's analysis identifies the underlying exigency as being the "downloading and distribution of child pornography," exigent "only because the Government opted to keep the Playpen site operating while it employed the NIT." Doc. 42, p. 27. The exigent circumstances that would have justified the use of the NIT, however, were tied to the on-going rape and abuse of children—as opposed to simply its depiction.

As noted in the NIT warrant affidavit, the Playpen site barred users from "cross-board reposts." *See* Doc. 34, Ex. 1, at 13. The affiant explains: "[b]ased upon

my training and experience, I know that: 'no cross-board reposts' refers to a prohibition against material that is posted on other websites from being 're-posted' to [the Playpen site]." *Id.* at 13-14. Further, the website contained multiple references indicative of real-time, contemporaneous abuse of children, including a posting "Yes i can help if you are a teen boy and want to fuck your little sister. write me a private message" (*id.* at 19), a sub-forum dedicated to the retelling of hands on sexual abuse of children entitled "Stories – Non-Fiction" (*id.* at 20-21), and a chat function that allows users to communicate in real-time (*id.* at 20). Based upon the information above, the exigency was not rooted in the images or depictions on the site. It was rooted in what the depictions evidenced—the hands-on rape and abuse of children.

In fact, the results from the NIT rescued children from on-going, real-time abuse. The *Michaud* court ordered the Government to provide various statistics related to the usage of the site, and one of those statistics included the disposition of cases across the country. As cited in the United States' response to the court's order, it stated:

> The investigation into users of Website A remains ongoing. To date, at least 137 individuals in the United States are known to have been charged in connection with the underlying investigation of Website A. That includes thirty-five individuals who have been determined to be "hands on" child sexual offenders, and seventeen individuals who have been determined to be producers of child pornography. *More importantly, twenty-six child victims have been identified or recovered from abuse.*

*Michaud*, 2016 WL 337263, Doc. 109, p. 7-8 (emphasis added).

CONCLUSION

For the reasons listed and incorporated above, Defendant's Motion to Suppress should be denied.

Respectfully submitted,

DANNY C. WILLIAMS, SR.
United States Attorney


  /s/ Andrew J. Hofland
Andrew J. Hofland, WI Bar #1065503
Assistant United States Attorney
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1029
(918) 382-2700
andrew.hofland@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

William Widell
*Counsel for Defendant*

  /s/ Andrew J. Hofland
Andrew J. Hofland
Assistant United States Attorney