IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  15-CR-182-JHP |
| ) | |
| **SCOTT FREDERICK ARTERBURY,** ) | |
| Defendant. ) | |

## Motion to Dismiss United States' Motion for Reconsideration of Court's Order Suppressing Evidence

COMES NOW Defendant Arterbury, by and through the Office of the Public Defender and its attorney, William Patrick Widell and hereby responds to United States' Motion for Reconsideration of the Court's Order Suppressing Evidence (Dkt. # 51, filed herein on June 14, 2016). In support of such responsive motion, Defendant states as follows:

### Facts

1. On April 25, 2016, the magistrate court issued Report and Recommendation (Dkt. # 42) granting Defendant's Motion to Suppress (Dkt. # 33).
2. On May 2, 2016, the government timely filed United States' Objection to Magistrate Judges' Report and Recommendation (Dkt. # 44).
3. On May 12, 2016, this Court issued Order Affirming and Adopting the Report and Recommendation of the United States Magistrate Judge (Dkt. # 47).
4. On June 14, 2016, the government filed United States' Motion for reconsideration of the Court's Order Suppressing Evidence (Dkt. # 51).

## Legal Argument

## The Motion to Reconsider Was Not Timely Filed

Although the Federal Rules of Procedure do not authorize a motion for reconsideration, "motions to reconsider in criminal prosecutions are proper." United States v. Randall, 666 F.3d 1238, 1241 (10th Cir. 2011) citing United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010). However, motions to reconsider cannot be brought at simply any time. Randall, at 1242.

A motion to reconsider must be brought within the time for appeal. Id. at 1242-43, citing favorably United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010) ("When the Sentencing Commission reduces the Guideline range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to § 3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he can timely appeal it. But he may not, almost eight months later, ask the district court to reconsider its decision.") and United States v. Redd, 603 F.3d 649, 650 (7th Cir. 2011) ("[o]nly a motion filed within the time for appeal acts as a genuine request for reconsideration.").

The government's motion was filed outside the time to provide notice of intent to appeal. Federal rule of Appellate Procedure 4(b)(1)(B) gives the government "30 days after the later of (i) the entry of judgment or order being appealed; or (ii)

the filing of a notice of appeal by any defendant" to file its notice of intent to appeal.

The event that started the clock running was the Order Affirming and Adopting the Report and Recommendation of the United States Magistrate Judge (Dkt. # 47). The Court's order was filed May 12, 2016. Thirty days from May 12, 2016, was June 11, 2016. However, June 11, 2016, was a Saturday. Federal Rule of Criminal Procedure 45(a) provides that "if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." This means that the government's motion to reconsider was due no later than the end of the day Monday, June 13, 2016. The government filed its motion to reconsider on June 14, 2016, more than 30 days from the filing of the district court's order.

## Conclusion

The government's motion to reconsider should be dismissed as untimely and the merits be disregarded "because district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." Eberhart v. United States, 546 U.S. 12, 126 S.Ct. *See also*, United States v. Mitchell, 518 F.3d 740, 744 (10th Cir. 2008) (Despite the fact that the time limitations imposed by Rule 4(b) are not jurisdictional, they must be enforced by th[e] court when properly invoked by the government.").

OFFICE OF THE FEDERAL PUBLIC DEFENDER

Julia L. O'Connell, Federal Public Defender

By: s/ William P. Widell
William Widell, OBA #18313
Whitney R. Mauldin, OBA #22228
Assistant Federal Public Defender
One West Third St., Ste. 1225
Tulsa, Oklahoma 74103
(918) 581-7656
Counsel for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Andrew Hofland

Assistant United States Attorney

s/ William P. Widell
William P. Widell