IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  15-CR-182-JHP |
| ) | |
| **SCOTT FREDERICK ARTERBURY,** ) | |
| Defendant. ) | |

## Response to United States' Motion for Reconsideration of Court's Order Suppressing Evidence

COMES NOW Defendant Arterbury, by and through the Office of the Public Defender and its attorney, William Patrick Widell and hereby responds to United States' Motion for Reconsideration of the Court's Order Suppressing Evidence (Dkt. # 51, filed herein on June 14, 2016). In support of such responsive motion, Defendant states as follows:[1]

### Legal Argument

#### i.   The Motion to Reconsider is Inappropriate

A motion to reconsider is appropriate only when the court has misapprehended the facts, a party's position, or the law. United States v. Christy, 739 F.3d 534, 539 (10th Cir. 2014), cert. denied, 135 S. Ct. 104, 190 L. Ed. 2d 84 (2014), reh'g denied, 135 S. Ct. 745, 190 L. Ed. 2d 467 (2014).[2] Specific grounds

---

[1] Mr. Arterbury incorporates all argument and reasoning contained in Defendant's previous filings as well as the magistrate's Report and Recommendation.

[2] In Christy, the court neglected to respond to an argument raised by counsel.

include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000).

The government, in its Motion to Reconsider, does not claim that the District Court, in its review of the magistrate's ruling, misapprehended the facts of the case or its position. There has not been an intervening change in controlling law nor has new evidence--that was previously unavailable--come to light.[3] Instead, the government simply re-urges argument previously made at the evidentiary hearing and in its objection to the magistrate's Report and Recommendation.

A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Paraclete* at 1012. For this reason, the government's motion should be denied. Defendant will briefly address the merits of the government's arguments, but will otherwise incorporate previous argument as well as the Magistrate's Report and Recommendation.

## Merits
### The NIT Warrant was Void Ab Initio

The warrant in issue authorized a search of any computer located in any home in any country in the world. Despite the

---

[3]

government's contentions to the contrary, Rule 41 and Tenth Circuit case law clearly prohibit a magistrate judge from issuing a search warrant under the facts of this case.[4]

The government's argument, in a nutshell, is that the magistrate had authority to issue a warrant for the Eastern District of Virginia and "anyplace" includes the Eastern District of Virginia. According to the government and unsupported by any case law, this distinction means that the warrant was not void ab initio. This would have been an appropriate argument to make at the evidentiary hearing. Magistrate Cleary provided the parties with notice that this issue would be the principal focus of the evidentiary hearing, sufficient time to prepare and adequate time to make argument. However, this argument was not made at the evidentiary hearing.

The purpose of a motion to reconsider is to bring to the court's attention new controlling case law, newly discovered evidence, clarify misunderstood facts or a party's position. A motion to reconsider is not a second chance to say the things that you wished you had said at the evidentiary hearing. A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Paraclete* at 1012.

---

[4] If support—beyond the plain reading of the Rule--for the proposition that Rule 41 places limits on a magistrate's authority to issue a search warrant for a computer that has never been located in the district is necessary, than the Court may consider, as did Magistrate Cleary, that the Supreme Court has approved just such an amendment to Rule 41. It the Supreme Court believed that Rule 41 conveyed such power on a magistrate it would seem more reasonable to issue an order stating so than to revise the rule.

Along with argument, the government provides the Court with evidence that the NIT warrant resulted in district court cases filed within the Eastern District of Virginia. This evidence is intended to support the government's assertion that the NIT was not void from the outset.

This evidence, like the argument it supports, is not appropriate for a motion to reconsider. The evidence is not reported to be newly discovered and previously unattainable. More importantly, this evidence intended to bolster the warrant is the fruit of the search. Evidence resulting from a search should not be used to justify the search.

### The District Court Correctly Determined that the Defendant Was Prejudiced by the Rule 41 Violation

The government again asserts that Mr. Arterbury did not suffer prejudice. This issue was raised at the evidentiary hearing and was also the subject of the government's objection to the report and recommendation.

The government had sufficient notice and opportunity to be heard on this issue at the evidentiary hearing. The government was heard on this issue at the evidentiary hearing. The government had opportunity to object to the Magistrate's Report and Recommendation in its objection to the District Court. The government made this argument to the District Court in its objection.

This argument does not present the Court with newly

discovered evidence. It does not bring new controlling case law to the Court's attention. The Court did not misapprehend the facts of the case or the parties' argument. It is simply an improper attempt to revisit an issue that has already been addressed.

### The Good Faith Exception Would Not Apply Regardless of Whether The Warrant Was Void or Voidable

The government argues that the good-faith exception should apply because "suppression will serve only to punish law enforcement for a reasonable, if now deemed mistaken, interpretation of Rule 41(b) . . . ." [5] The Defense does not agree that it would be reasonable for a trained agent to believe that a magistrate judge has jurisdiction to issue a warrant to search literally "anyplace" in the world.

In *United States v. Baker*, 894 F.2d 1144, 1148 (1990), a state-court judge signed a warrant authorizing a search of property despite the fact that the affidavit stated that the place to be searched was in Indian country and the magistrate lacked authority to issue a warrant in Indian country. In determining whether the good-faith exception set forth in *Leon*, applied to such a warrant, the Tenth Circuit in the *Baker* held that "Entitlement to the exception established in *Leon* and *Sheppard* depends on the objective good faith of the officer(s) applying for and executing

---

[5] Once again, this argument was made at the evidentiary hearing. It does not present the Court with newly discovered evidence, new controlling case law or correct a misapprehension of the facts or a party's legal argument. It simply the same argument.

the warrant. Thus, evidence obtained through an improper search will be excluded only if, under the objective circumstances presented to the officer(s) in question, 'a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization.'" *Id.*, quoting *Malley v. Briggs*, 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986), quoting *Leon*, 468 U.S. at 922 n. 23, 104 S.Ct. at 3420 n. 23; *see also Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987) (objective good faith determination encompasses information possessed by the particular officer(s) engaged in the challenged search).

Crucial to the *Baker* court's determination that goodfaith did not apply was the deputy's knowledge that the land was in Indian country. It was clear that the deputy understood that the place to be searched was in Indian country because the deputy put that fact in the affidavit. *Baker* at 1148.

The Tenth Circuit in *Baker* held that a reasonably well-trained law enforcement officer should have been aware that the search would be illegal and that a judicial official's concurrence in the improper activity did not serve to bring it within the rule of *Leon* and *Sheppard*.[3] *See Malley*, 475 U.S. at 345–46 and n. 9, 106 S.Ct. at 1098–99 and n. 9; *see also Coen v. Runner*, 854 F.2d 374, 377 (10th Cir.1988); *United States v. Burzynski Cancer Research Inst.*, 819 F.2d 1301, 1309 (5th Cir.1987), *cert. denied*, 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1988).

In *Baker*, the officer had nine years of experience as a deputy sheriff. In the instant case, the affiant had "been employed as a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") since April, 1996 …" (Affidavit in Support of Warrant for NIT). In *Baker*, the deputy was aware that the affidavit stated that the place to be searched was in Indian country because he wrote it in the affidavit. In the instant case, the agent was aware that the affidavit allowed a search of "anyplace" in the world because he wrote it in the affidavit.

Regardless of whether the warrant was void ab initio or simply voidable as to Mr. Arterbury, the search of his computer was in violation of the Fourth Amendment. As the Tenth Circuit explained in *Baker*, it was not objectively reasonable for the agent to have been unaware that such a search was improper. As a result, the good-faith exception does not apply.

### Exigent Circumstances Do Not Save the Search

This issue was also fully argued at the evidentiary hearing. The Motion to Reconsider does not contain any new, controlling case law. It does not describe any newly acquired evidence, previously unavailable or otherwise. It does not clarify misapprehended fact or position. It simply rehashes the same argument made at the evidentiary hearing and the government's objection to the Report and Recommendation.

The Motion to Reconsider does contain evidence of children the government alleges were saved from abuse as a result of the investigation. This evidence is intended to demonstrate the necessity of the warrantless search; however, the evidence should be ignored in determining whether exigent circumstances existed. We do not justify a warrantless search based upon the evidence recovered. There must be clear evidence of probable cause before officers enter, not afterward. *United States v. Aquino*, 836 F.2d 1268, 1272 (10th Cir. 1998). There must be clear indicators of exigency before the search, not after the search. *Id*. It is the totality of the circumstances before entry, not after entry. *Id*.

The Court should deny reconsideration of this issue because it simply rehashes argument previously made. Additionally, the Court should not consider evidence recovered following the search in determining whether probable cause and exigent circumstances existed prior to the search.

## Conclusion

The Government's Motion to Reconsider should be denied because it does not contain newly published controlling case law, newly acquired evidence and does not serve to clarify misapprehended fact or position. The real issue—although decided twice already--is whether the good-faith exception allows the admissibility of evidence obtained during the search of Mr. Arterbury's computer and the later search of his home.

If the warrant is void ab initio due to jurisdictional flaw than there is no warrant and *Kreuger* instructs that the good faith exception would not apply to what would then be a warrantless search.  If the warrant is not void or the Court is persuaded that good faith may be applied regardless, *Baker* instructs that the good-faith exception would not apply because a reasonably trained officer should have known the search was illegal.

OFFICE OF THE FEDERAL PUBLIC DEFENDER

Julia L. O'Connell, Federal Public Defender

By:   s/ William P. Widell
William Widell, OBA #18313
Whitney R. Mauldin, OBA #22228
Assistant Federal Public Defender
One West Third St., Ste. 1225
Tulsa, Oklahoma 74103
(918) 581-7656
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2016, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Andrew Hofland

Assistant United States Attorney

 s/ William P. Widell
William P. Widell